IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.: _____

STEVE JAMES
AARON D'MIZE
ANTONIO LABATO
CHARLES KING
ARIN HART
GEORGE WHITTINGTON
AMY REYES a.k.a. AMY ARNETT
DELFINO ORTEGA
EDWARD REINHARDT
JOHN AND JANE DOE 1-100

       Plaintiffs,

v.

SHERRIF EDWARD J. HOLTE, in his official and individual capacity, and
LAKE COUNTY BOARD OF COMMISSIONERS, in their official and individual capacity
PATRICIA BERGER, in her official and individual capacity.

       Defendants.

---

### COMPLAINT AND JURY DEMAND

Plaintiffs, Steve James, Aaron D'Mize, Antonio Labato, Charles King, Arin Hart, George Whittington, Amy Reyes (a.k.a Amy Arnett), Delfino Ortega, Edward Reinhardt and John and Jane Doe 1-100 (collectively referred to as the "Plaintiffs"), by and through their undersigned attorneys, brings this action and alleges as follows:

### PARTIES

1.    Plaintiff Steve James is a natural person, citizen of the State of Colorado, a resident of Lake County, and at all times material hereto was employed by the Lake County Sheriff Department as a Deputy Sheriff.

2.    Plaintiff Aaron D'Mize is a natural person, citizen of the State of Colorado, a

resident of Lake County, and at all times material hereto was employed by the Lake County Sheriff Department as a Deputy Sheriff.

3. Plaintiff Antonio Labato is a natural person, citizen of the State of Colorado, a resident of Lake County, and at all times material hereto was employed by the Lake County Sheriff Department as a Deputy Sheriff.

4. Plaintiff Charles King is a natural person, citizen of the State of Colorado, a resident of Lake County, and at all times material hereto was employed by the Lake County Sheriff Department as a Deputy Sheriff.

5. Plaintiff Arin Hart is a natural person, citizen of the State of Colorado, a resident of Lake County, and at all times material hereto was employed by the Lake County Sheriff Department as a Deputy Sheriff.

6. Plaintiff George Whittington is a natural person, citizen of the State of Colorado, a resident of Lake County, and at all times material hereto was employed by the Lake County Sheriff Department as a Deputy Sheriff.

7. Plaintiff Amy Reyes (a.k.a Amy Arnett) is a natural person, citizen of the State of Colorado, a resident of Lake County, and at all times material hereto was employed by the Lake County Sheriff Department as a Deputy Sheriff.

8. Plaintiff Delfino Ortega is a natural person, citizen of the State of Colorado, a resident of Lake County, and at all times material hereto was employed by the Lake County Sheriff Department as a Deputy Sheriff.

9. Plaintiff Edward Reinhardt is a natural person, citizen of the State of Colorado, a resident of Lake County, and at all times material hereto was employed by the Lake County Sheriff Department as a Deputy Sheriff.

10. Plaintiff John and Jane Doe 1-100 are unknown natural persons that at all

times material hereto were employed by the Lake County Sheriff Department as a Deputy Sheriffs. However, at the time of filing this Complaint there whereabouts are not known. Should there whereabouts become known, the undersigned shall promptly amend the Complaint to list them as Plaintiffs.

11.  Defendant Sheriff Edward J. Holte is the Sheriff for Lake County, State of Colorado and at all times material hereto was the Sheriff for the Lake County Sheriff Department.

12.  The Board of County Commissioners is elected by the citizenry of Lake County, State of Colorado. The Board of County Commissioners are responsible for setting policies for Lake County.

13.  Defendant Berger is a duly elected official with Lake County, State of Colorado as the County's Clerk and Recorder. In that capacity she is responsible for the County pay roll.

14.  The Lake County Sheriff Department, by way of Sheriff Holte, is and at all times material hereto, a public agency within the meaning of 29 U.S.C. § 203(x).

15.  The Defendants, at all times material hereto, engaged in related activities performed through unified operation or common control for a common business purpose in conjunction with the activities of a public agency. Defendants are at all times material hereto an enterprise within the meaning of 29 U.S.C. § 203(r).

16.  The Defendants are at all times material hereto, was an enterprise engaged in commerce or production of good for commerce within the meaning of 29 U.S.C. § 203(s)(1)(c).

17.  All acts taken by the Defendants were taken under color of law, ordinance, custom, practice and usage.

## JURISDICTION & VENUE

17. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b). In addition, this also action arises under the Constitution and laws of the United States and 42 U.S.C. §1983. As such, jurisdiction is also conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1343. Jurisdiction supporting Plaintiffs' claim for attorney's fees is conferred by 42 U.S.C. § 1988.

18. Venue in the United States District Court is proper in that the action complained of took place in the State of Colorado, City and County of Denver, and all the parties are residents of the state.

## FACTUAL ALLEGATIONS

19  Plaintiffs hereby incorporate and makes reference to each and every allegations of paragraphs 1 through 18 of the Complaint as if set forth *in extenso*.

20. The Plaintiffs as Deputy Sheriffs were scheduled to work eighty-four (84) hours every two (2) weeks. The Plaintiffs as Deputy Sheriffs worked twelve (12) hour shifts. Such shifts would be four (4) days one week and three (3) days the following week or vice versa.

21. The Defendants informed all Deputy Sheriffs that they would be paid bi-monthly (or every 14 days). In addition, the Defendants informed all Deputy Sheriffs that should their work hours exceed eighty-six (86) hours in a fourteen (14) day pay cycle that any hours worked over eighty-six (86) hours would be paid time and a half. In addition, it was agreed upon between the Defendants and the Plaintiffs that all Plaintiffs would be paid straight time for time worked up to eighty-six (86) hours.

22. Despite working at a minimum of eighty-four (84) hours every two (2) weeks, as required by the Defendants, the Plaintiffs were only compensated for eighty (80)

4

hours of work. For whatever reasons, which were not disclosed to the Plaintiffs, Defendants failed to pay the Plaintiffs the additional four (4) hours of compensable work time.

23. When the Plaintiffs worked over eighty-six (86) hours in a fourteen (14) day pay cycle, Defendants would compensate Plaintiffs for time and a half. However, the Defendants failed to compensate the Plaintiffs in straight time pay from eighty-one (81) to eighty-six (86) hours of compensable work time.

24. Despite many inquiries, the Defendants never informed the Plaintiffs as to what their actual rate of pay was. In an effort to determine what there actual rate of pay was the Plaintiffs divided their bi-monthly rate (which was approximately $1236.00) by eighty (80) hours, which represented the work hours that were apparently only being subject to compensation. To that end, the Plaintiffs determined that their rate of pay was approximately $15.45 per hour. Such rate of pay was paid to the Plaintiffs by the Defendants at $23.18 (or time and a half) when the Plaintiffs worked over eighty-six (86) hours.

25. In mid October 2008, Plaintiff James inquired with the Defendants as to why he was not being compensated for the remaining hours of compensable work between eighty-one (81) to eighty-six (86) hours. In mid October, 2008, Plaintiff James also demanded back pay for himself as well as back pay for all Plaintiffs.

26. On or about October 23, 2008, Defendants responded to Plaintiff James' inquiry. Defendants informed the Plaintiffs that Deputy Sheriffs actually work eighty-six (86) hours versus eighty (80) hours every fourteen (14) days. This of course came as a shock to the Plaintiffs considering their rate of pay consistently represented compensation for eighty (80) hours of work. Despite Plaintiffs' objections, Defendants unilaterally took the

gross pay of each of the Plaintiffs and divided it by eighty-six (86) hour work weeks which ultimately decreased their hourly rate. The Plaintiffs hour rate was unlawfully reduced to approximately $14.37 per hour.

27.  As admitted by Defendant Holte, the actions of the Defendants unlawfully reduced Plaintiffs' hourly wages in violation of the Fair Labor Standards Act and other laws. (Attached hereto as **Exhibit A** is a copy of Defendant Holte's letter to the Board of Commissioners). Despite Defendant Holte's plea to reverse the unlawful actions, the Defendant Board of Commissioners ignored such a plea and allowed the unlawful action to stand.

### FIRST CLAIM FOR RELIEF
(Violation of Fair Labor Standards Act 29 U.S.C. § 201 *et seq.* – All Defendants in their Official and Individual Capacity)

28.  Plaintiffs hereby incorporate and makes reference to each and every allegations of paragraphs 1 through 27 of the Complaint as if set forth *in extenso*.

29.  Defendants have willfully violated, and is willfully violating, the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, by failing to pay the Plaintiffs for all hours worked while such Plaintiffs were engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

30.  In addition, Defendants have willfully violated, and is willfully violating, the overtime compensation provisions of 29 U.S.C. § 207 by employing some or all of the named Plaintiffs in an enterprise engaged in commerce or in the production of goods for commerce, for work weeks longer than the applicable maximum weekly hours established by §207 of the Fail Labor Standards Act, without timely compensating the named Plaintiffs, for the time spent working as a Deputy Sheriff at the hourly rate and wage that was agreed upon

6

by the parties.

31.  Defendants' conduct proximately caused significant injuries, damages and losses to the Plaintiffs.

### SECOND CLAIM FOR RELIEF
(42 U.S.C. §1983 Violation of the Fourteenth Amendment – All Defendants in their Official and Individual Capacity)

32.  Plaintiffs hereby incorporate and makes reference to each and every allegations of paragraphs 1 through 30 of the Complaint as if set forth *in extenso*.

33.  Plaintiffs had a constitutionally protected property and/or liberty interest arising from each term, actual or implied, of his/her employment or other contracts with the Lake County Sheriff's Department, as set forth in, or evidenced by, the parties' acts and words, the rules and policies of the Lake County Sheriff's Department, and its policies and procedures.

34.  Defendants have violated Plaintiffs' property interest when Defendants unilaterally changed Plaintiffs' hourly wages without due process of law.

35.  Defendants deprived Plaintiffs' of their property arbitrarily, so as to offend notions of fairness and due process in violation of the Colorado Constitution and U.S. Constitution.

36.  Defendants' conduct proximately caused significant injuries, damages and losses to the Plaintiffs.

### THIRD CLAIM FOR RELIEF
(Violation of Public Policy – All Defendants in their Official and Individual Capacity)

37.  Plaintiffs hereby incorporate and makes reference to each and every allegations of paragraphs 1 through 36 of the Complaint as if set forth *in extenso*.

38.  The unilateral decrease in Plaintiffs' hourly wages supports a cognizable

employment action because it contravened a clear mandate of public policy. *See Martin Marietta Corp. v. Lorenz*, 823 P.2d 100 (Colo. 1992).

39. Defendants' conduct proximately caused significant injuries, damages and losses to the Plaintiffs.

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment in his favor and against the Defendants and grant:

(a) Appropriate declaratory and/or equitable relief;

(b) Payment of all unpaid compensation including overtime and back benefits;

(c) In addition, Plaintiffs request liquidated damages equal to of all unpaid compensation including overtime and back benefits;

(d) Attorney's fees and the costs associated with this action;

(e) Pre- and post-judgment interest at the lawful rate;

(f) Any further relief that this court deems just and proper, and any other relief as allowed by law.

**PLAINTIFF REQUESTS A TRIAL TO A JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this 22nd day of October, 2010.

/s/ Reid J. Elkus
Reid J. Elkus
Attorneys for Plaintiffs
ELKUS & SISSON, P.C.
1660 Lincoln Street, Suite 1750
Denver, Colorado 80264
(303)567-7981
(303)832-1188 (fax)
relkus@elkusandsisson.com

<u>All Plaintiffs' Mailing Address</u>
415 North Colorado
Buena Vista Colorado 81211