IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02591-WJM-CBS

STEVE JAMES,
AARON D'MIZE,
ANTONIO LABATO,
CHARLES KING,
ARIN HART,
GEORGE WHITTINGTON,
AMY REYES, a/k/a Amy Arnett,
DELFINO ORTEGA, and
JOHN AND JANE DOE 1-100,
    Plaintiffs,
v.

SHERIFF RODNEY FENSKE, in his official capacity as Lake County Sheriff,
DOLORES SEMSACK, in her official capacity as Lake County Commissioner,
KEN OLSEN, individually,
MICHAEL BORDOGNA, in his official and individual capacity,
CARL SCHAEFER, in his official and individual capacity, and
PATRICIA BERGER, in her official and individual capacity,
    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Magistrate Judge Craig B. Shaffer

    This civil action is before the court on Plaintiffs' Motion for Leave to Amend and Join Kevin Moore as a Named Plaintiff (doc. #55) filed June 17, 2011. Pursuant to the Order of Reference dated October 27, 2010 (doc. # 2) and Memorandum dated June 17, 2011 (doc. #56), this matter was referred to the Magistrate Judge. The court has reviewed the Motion, Defendants' Response to Plaintiffs' Motion for Leave to Amend and Join Kevin Moore as a Named Plaintiff ("Response") (filed July 1, 2011) (doc. #58), the pleadings, exhibits, the entire case file, and the applicable law and is sufficiently advised in the premises.

I.     Statement of the Case

This civil action arises from Plaintiffs' employment with the Lake County Sheriff's Department as Deputy Sheriffs. (Amended Complaint, ¶¶ 1-10 (doc. #4)). Plaintiffs were scheduled to work eighty-four hours every two weeks in twelve hour shifts. Defendants informed all Deputy Sheriffs that they would be paid bi-monthly and any hours worked over eighty-six hours in one pay period would be paid time and a half. Despite working a minimum of eighty-four hours every two weeks, Plaintiffs were only compensated for eighty hours of work. Upon bringing this to the Defendants' attention, Plaintiffs' hourly rates were recalculated and lowered so as to provide no additional compensation. (*See* doc. #4 at ¶¶ 23-29). In the Amended Complaint, Plaintiffs allege that they were not compensated for all hours worked and were not properly compensated for overtime hours in violation of the Fair Labor Standards Act, 29 U.S.C. § 207. (*See* doc. #4 at ¶¶ 32-33). Plaintiffs also allege pursuant to 42 U.S.C. § 1983 a violation of due process rights under the Fourteenth Amendment due to an improper change in hourly rate, as well as a violation of public policy. (*See* doc. #4 at ¶¶ 36-38, 41).

A Scheduling Order was entered on January 21, 2011, and both parties proposed an April 8, 2011 deadline for amendment of pleadings and joinder of parties which this court adopted. (*See* doc. #21). Plaintiffs filed the instant Motion on June 17, 2011, more than two months after the deadline for amendments. (*See* doc. #55). Plaintiffs assert that they were not informed of Mr. Moore's interest in joining the lawsuit until this later date, and that adding him as a party would not prejudice the opposing parties and would be more efficient than requiring Mr. Moore to bring his own lawsuit at a later time. (*See* doc. #55 at ¶¶ 1, 5, 6). A determination of whether

to grant this motion requires an analysis using the "good cause" standard under Fed. R. Civ. P. 16(b)(4), and consideration of the standards in Fed. R. Civ. P. 15(a) and 6(b)(1)(B).

II.     Standard of Review

In their Motion to Amend, Plaintiffs assert that the Court must "freely give leave when justice so requires" under Rule 15(a). (*See* doc. #55 at 2). Although Rule 15(a) addresses motions to amend pleadings, Rule 16(b)(4) provides the standard for analyzing motions to amend that necessarily require a modification of the Scheduling Order. If a motion to amend pleadings or join parties is submitted after the deadline passed, the Scheduling Order must be modified to provide new deadlines.

Rule 16(b) requires the district or magistrate judge to "issue a scheduling order" which "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A).

> When a party seeks to amend a pleading after the scheduling deadline for doing so, the application of Rule 16(b)'s good-cause standard is not optional. To permit district courts to consider motions to amend pleadings under Rule 15(a) without regard to Rule 16(b) "would render scheduling orders meaningless and effectively . . . read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure."

*Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) (quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1988)). Scheduling orders play a very important role in the court's management of its own docket, and the Rule 16(b)(4) standard is intended to reflect that importance. *Cf. Washington v. Arapahoe County Dep't of Soc. Servs.*, 197 F.R.D. 439, 441 (D. Colo. 2000) ("[A] scheduling order is an important tool necessary for the orderly preparation of a case for trial."). *See also Rent-a-Center, Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 101 (S.D.N.Y. 2003) ("[S]cheduling orders are designed to offer a degree of

certainty in pretrial proceedings, ensuring that at some point the parties and the pleadings will be fixed and the case will proceed."); *Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995) ("[A] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.").

Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). *See also* D.C.COLO.LCivR 16.1 ("The schedule established by a scheduling order shall not be modified except upon a showing of good cause and by leave of court"). This "good cause" standard requires the movant to show that despite diligent efforts, it could not have met the scheduled deadline. *See Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001).

> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension." Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

*Colorado Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000) (quoting *Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997)).

The Tenth Circuit "has not yet considered whether Rule 16(b)(4) must be met when motions to amend pleadings would necessitate a corresponding amendment of scheduling orders." *United States ex. rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009). However, many lower courts in the Tenth Circuit have applied Rule 16(b)(4) under circumstances similar to this case. *See, e.g., Philippus v. Aetna Health, Inc.*, 2010 WL 148282,

at *2-3 (D. Colo. 2010); *Texas Instruments, Inc. V. BIAX Corp.*, 2009 WL 3158155, at *1-2 (D. Colo. 2009); *Jenkins v. FMC Techs., Inc.*, 2009 WL 1464416, at *1 (D. Colo. 2009); *Dias v. City and County of Denver,* 2007 WL 4373229, at *2-3 (D. Colo. 2007). *See also Capital Solutions, LLC v. Konica Minolta Bus. Solutions USA, Inc.*, 2009 WL 3711574, at *8 (D. Kan. 2009) ("[W]hen an amendment is sought beyond the scheduling order deadline, this Court will first determine whether the moving party has established "good cause" within the meaning of Rule 16(b)(4) . . . .") and cases cited therein. Following this line of authorities, this court reaches Rule 15(a) only if the "good cause" standard of Rule 16(b)(4) is satisfied.

III.   Analysis

Relying upon the more liberal Rule 15(a) standard, Plaintiffs argue that denying the instant motion would require Mr. Moore to bring his own suit which would be burdensome, expensive, and not in the best interests of judicial economy. (*See* doc. #55 at 2-3). Plaintiffs also argue that their motion should be granted because Mr. Moore satisfies both requirements in Fed. R. Civ. P. 20(a)(1) for joining a party.[1] (*See* doc. #55 at 2). Plaintiffs' arguments ignore the unassailable fact that their motion was filed after the deadline set forth in the Scheduling Order. Plaintiffs make no mention of the Rule 16(b)(4) "good cause" standard which must be addressed and satisfied as a threshold matter.

---

[1]Rule 20(a)(1) permits persons to "join in one action as plaintiffs if (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). Plaintiffs' counsel suggests that Rule 20(a)(1) is satisfied because Mr. Moore was employed by the Lake County Sheriff's Office as a Deputy Sheriff during the relevant time period and his claims arise out of the same transactions as the other Plaintiffs in this litigation. (doc. #55 at 2).

The "good cause" standard of Rule 16(b)(4) requires the movant to show that despite diligent efforts, it could not have met the scheduled deadline. *See Pumpco*, 204 F.R.D. at 668. "Mere failure on the part of counsel to proceed promptly with the normal processes of discovery and trial preparation should not be considered good cause." *L & W Innovations, LLC, v. Linli Constr., Inc.*, 2009 WL 2400965, at *4 (D. Colo. 2009) (quoting *DAG Enters., Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 105 (D.D.C. 2005)). Plaintiffs' counsel can hardly suggest that Mr. Moore was an unknown or unanticipated plaintiff. Mr. Moore was first identified as an employee of the Lake County Sheriff's Department in Plaintiffs' Rule 26(a)(1) Initial Disclosures which was served on January 14, 2011, almost three months before the deadline to amend pleadings and join parties. (*See* doc. #58, Exhibit A). Although the Initial Disclosure incorrectly spells Mr. Moore's name as "Kevin Smoore" and refers to a Mr. Melroy, it is generally understood that Mr. Moore was employed by the Lake County Sheriff's Department and was a potential plaintiff to this case. Plaintiffs claim that Mr. Moore did not indicate his desire to be a party plaintiff until after the deadline passed. However, this conclusory statement cannot suffice to meet the "good cause" standard of Rule 16(b)(4). Plaintiffs' counsel was well aware of the deadline in the Scheduling Order as that date had been proposed by the parties. It was counsel's duty to request an extension before the deadline to amend pleadings or join parties passed, when he knew that there were potential plaintiffs who had not yet chosen to join litigation. While the court can appreciate that Mr. Moore may have to bring a separate lawsuit, any resulting inefficiency of this subsequent litigation is attributable solely to Plaintiffs' "litigation strategy and failure to adhere to scheduling deadlines." *Lariviere, Grubman & Payne, LLP v. Phillips*, 2010 WL 2844361, at *11 (D. Colo. 2010).

Plaintiffs assert that because they specifically listed "John Doe 1-100" as a named plaintiff, Defendants were on notice that other putative parties may be entitled to relief.  (*See* doc. #55 at 3).  Plaintiffs argue that there is no prejudice to the Defendants in allowing them to join another litigant and thus, the motion should be granted.  However, lack of prejudice is not a factor courts use in deciding whether or not to grant a motion under the "good cause" standard of Rule 16(b)(4).  *See Ingle v. Dryer*, 2008 WL 1744337, at *1 (D. Colo. 2008) ("The Rule 16(b)(4) standard 'does not focus on the bad faith of the movant or the prejudice to the opposing party[; r]ather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment.'" (quoting *Pumpco*, 204 F.R.D. at 668)).  If anything, Plaintiffs' inclusion of "John Doe 1-100" demonstrates that they knew there were other possible litigants and thereafter had a greater obligation to be diligent in identifying and joining those other individuals before the deadline for amending pleadings and joining parties passed.  Inclusion of "John Doe 1-100" does not provide a license for Plaintiffs to sit by idly and wait to join additional litigants at their own convenience.

In addition to considering the actions of both parties, it is important to remember that this court is responsible for its own case management.  *Cf. Beller ex rel. Beller v. United States*, 221 F.R.D. 689, 693 (D.N.M. 2003) (noting the case management elements of Rule 16 are "based on the recognition that cases can move efficiently through the federal system only when courts take the initiative to impose and enforce deadlines").  The Tenth Circuit has reaffirmed the concept that courts have a "high duty to insure the expeditious and sound management of the preparation of cases for trial."

> While on the whole Rule 16 is concerned with the mechanics of pretrial scheduling and planning, its spirit, intent and purpose is clearly designed to be broadly remedial, allowing courts to actively manage the preparation of cases for trial . . .

*Olcott v. Delaware Flood Co.*, 76 F.3d 1538, 1555 (10th Cir. 1996)(quoting *In re. Sanction of Baker*, 744 F.2d 1438, 1440 (10th Cir. 1984)).  "Both the court and defendants are entitled to expect that by a date certain, the plaintiff's claims will be fixed and the case will proceed on that basis."  *Lariviere*, 2010 WL 2844361, at *11.  Plaintiffs fail to demonstrate "good cause" under Rule 16(b)(4).  Since the "good cause" standard of Rule 16(b)(4) is not satisfied, it is not necessary to address the standards of Rule 15(a) or Rule 6(b)(1)(B).[2]

Accordingly, IT IS RECOMMENDED that Plaintiffs' Motion for Leave to Amend and Join Kevin Moore as a Named Plaintiff be DENIED.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A

---

[2] It is important to briefly address the "excusable neglect" standard of Rule 6(b)(1)(B).  This standard is used to determine whether or not to extend the deadline when "an act may or must be done within a specified time" and the "motion [is] made after the time has expired."  Fed. R. Civ. P. 6(b)(1).  There is a split of authority over whether this standard is the same or higher than the "good cause" standard of 16(b)(4).  It is unnecessary to determine how the two standards compare in this case since the "good cause" standard is not satisfied.  When the "good cause" standard cannot be satisfied, the outcome of the case will remain the same regardless of which standard is used.

general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known as 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see*, *Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

       DATED at Denver, Colorado, this 30th day of September, 2011.

                                      BY THE COURT:

                                      s/Craig B. Shaffer
                                      United States Magistrate Judge