IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 10-cv-02591-WJM-CBS

STEVE JAMES,
AARON D'MIZE,
ANTONIO LABATO,
CHARLES KING,
ARIN HART,
GEORGE WHITTINGTON,
AMY REYES, a/k/a Amy Arnett,
DELFINO ORTEGA,

    Plaintiffs,

v.

SHERIFF RODNEY FENSKE, in his official capacity as Lake County Sheriff,
DOLORES SEMSACK, in her official capacity as Lake County Commissioner,
KEN OLSEN, in his individual capacity,
MICHAEL BORDOGNA, in his official and individual capacities,
CARL SCHAEFER, in his official and individual capacities, and
PATRICIA BERGER, in her official and individual capacities,

    Defendants.
_____

### ORDER SUSTAINING PLAINTIFFS' OBJECTION
### TO THE MAGISTRATE JUDGE'S RECOMMENDATION
_____

    This matter is before the Court on the September 30, 2011 Recommendation by U.S. Magistrate Judge Craig B. Shaffer (ECF No. 90) (the "Recommendation") that the Court deny Plaintiffs' Motion for Leave to Amend and Join Kevin Moore as a Named Plaintiff (ECF No. 55) (the "Motion"). Plaintiffs' Motion was filed on June 17, 2011, approximately two months after the deadline for the parties to amend their pleadings, as set forth in the Scheduling Order in this case. (ECF No. 21.)

    The Magistrate Judge's Recommendation is incorporated herein by reference.

*See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Plaintiffs filed a timely Objection to the Recommendation (ECF No. 93), and Defendants filed a Response to Plaintiffs' Objection (ECF No. 101).[1]

For the reasons set forth below, Plaintiffs' Objection to the Magistrate Judge's Recommendation is SUSTAINED, the Recommendation is REJECTED, and Plaintiffs' Motion for Leave to Amend and Join Kevin Moore as a Named Plaintiff is GRANTED.

## I. LEGAL STANDARD

While Defendants assert that the Recommendation should be reviewed pursuant to the standard set forth in Federal Rule of Civil Procedure 72(a), that standard is inapplicable here as it only applies to non-dispositive rulings. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997).[2] As Plaintiffs here seek review of a Recommendation issued by a Magistrate Judge on a dispositive matter, *see Hatten v. Freeborn*, 09-cv-02729, 2010 WL 1677772, at *2-3 (D. Colo. Apr. 26, 2010), the Court will apply the standard set forth under Federal Rule of Civil Procedure 72(b)(3), which requires that the District Court Judge "determine *de*

---

[1] At a hearing on July 14, 2011, the Magistrate Judge orally announced his intention to recommend to the Court that Plaintiffs' Motion for Leave to Amend and Join Kevin Moore as a Named Plaintiff be denied. (ECF No. 65.) In response to the Magistrate Judge's announcement from the bench, Plaintiffs, on July 28, 2011, filed an Objection (ECF No. 72) to the Magistrate Judge's announcement in this regard, and Defendants file a Response to Plaintiffs' Objection. (ECF No. 75.) The Magistrate Judge subsequently issued his written Recommendation (ECF No. 90), and Plaintiffs then re-filed their Objection (ECF No. 93) and Defendants re-filed their Response to Plaintiffs' Objection. (ECF No. 101.) Therefore, Plaintiffs' initial Objection (ECF No. 72) is OVERRULED AS MOOT, and the Court will only consider the Objection (ECF No. 93) and Response (ECF No. 101) filed after the September 30, 2011 Recommendation.

[2] The Recommendation also indicates that it subject to *de novo* review. (Rec. At 8-9.)

*novo* any part of the magistrate judge's [recommendation] that has been properly objected to" Fed. R. Civ. P. 72(b)(3).  In conducting its review, "[t]he district judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id*.

## II.  ANALYSIS

The Magistrate Judge recommends that Plaintiffs' Motion for Leave to Amend and Join Kevin Moore as a Named Plaintiff be denied because Plaintiffs failed to satisfy the "good cause" under Rule 16(b)(4).  (Rec. at 7-8.)  Plaintiffs object to the Recommendation, first arguing that Plaintiffs' Motion should be evaluated solely under Fed. R. Civ. P. 15.  (Obj. at 2-5.)  Alternatively, Plaintiffs assert that they have shown "good cause" under Rule 16(b)(4) to amend their pleadings.  (*Id*.)

**A.   Applicable Legal Standard**

Because Plaintiffs filed their Motion after the deadline for amending the pleadings, the Court employs a two-step analysis to determine if such a motion should be granted.  *See Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001).  First, the Court must determine whether Plaintiff has shown "good cause" to modify the Scheduling Order pursuant to Fed. R. Civ. P. 16(b)(4).  *Id*.  Second, the Court must determine whether Plaintiff has satisfied the standard for amending pleadings under Fed. R. Civ. P. 15(a).  *Id*.  This practice stands even though the Tenth Circuit "has not yet considered whether Rule 16(b)(4) must be met when motions to amend pleadings would necessitate a corresponding amendment of scheduling orders." *United States ex. rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir.

2009).

Federal Rule of Civil Procedure Rule 16(b)(4) sets forth the requirements for a modification of a Scheduling Order and provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also* D.COLO.LCivR. 16.1 ("The schedule established by a scheduling order shall not be modified except upon a showing of good cause and by leave of court"). This "good cause" standard requires the movant to show that despite diligent efforts, the movant could not meet the scheduled deadline. *See Pumpco, Inc.*, 204 F.R.D. at 668.

"Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000) (internal quotation omitted). A showing of "good cause," therefore, requires that a deadline cannot be met despite "the diligence of the party seeking the extension." *Id*. "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id*.

Under Rule 15(a), leave to amend "shall be freely given when justice so requires." Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *See Pumpco, Inc.*, 204 F.R.D. at 669.

**B.     Discussion**

The Court agrees with the Magistrate Judge that Plaintiffs must show "good cause" under Rule 16(b)(4) in order to amend a pleading after the deadline for amendments set forth in the Scheduling Order has passed. However, the Court also finds that Plaintiffs have established "good cause" to amend the Scheduling Order and join Moore as a named Plaintiff.

As stated above, a showing of "good cause" requires that a deadline cannot be met despite "the diligence of the party seeking the extension." *Colo. Visionary Acad.*, 194 F.R.D. at 687. This Court has previously determined that "[t]he fact that a party first learns, through discovery or disclosures, information necessary for the assertion of a claim after the deadline to amend established in the scheduling order has expired constitutes good cause to extend that deadline." *Pumpco, Inc.*, 204 F.R.D. at 668-69 (finding good cause where movant discovered new information through discovery after the deadline to amend contained in the scheduling order); *see also Lewis v. Denver Fire Dep't*, 09-cv-00004, 2010 WL 3873974, at *7-8 (D. Colo. Sept. 28, 2010) (good cause shown to amend complaint after the scheduling order's deadline where plaintiff first learned of new information through depositions); *Robinson v. Colonie*, No. 91-cv-1355, 1993 WL 191166, at *3 (N.D.N.Y. June 3, 1993) (finding good cause where plaintiffs did not learn that they had confused the identity of defendants until they observed defendants at deposition, which was conducted subsequent to scheduling order deadline for filing amended pleadings).

Further, a motion to amend a pleading that is filed a short time after the deadline

for the parties to amend their pleadings has passed does not necessarily lack diligence. *See Stoney v. Cingular Wireless LLC*, No. 06-cv-02003, 2007 WL 1772055, at *1 (D. Colo. June 18, 2007) (granting motion to amend pleading to assert an additional affirmative defense which was filed almost three months after the amendment deadline). In addition, the liberal standard for granting of motions for leave to amend unless the amendment inflicts undue prejudice on the non-moving party reflects the Court's underlying policy that pleadings should enable a claim to be heard on its merits. *See Calderon v. Kan. Dep't of Soc. & Rehabilitative Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999).

Here, Plaintiffs first disclosed the existence of Kevin Moore to Defendants through Plaintiffs' Initial Disclosures served on January 11, 2011.[3] (Rec. at 6.) However, when Plaintiffs served their Initial Disclosures on Defendants, they believed that Moore was merely a witness in the matter. (Obj. at 3-5.) According to Plaintiffs' counsel, Plaintiffs were unaware that Moore was a potential plaintiff until May 2011, when Moore, on his own initiative, responded to Defendants' discovery requests. (*Id.*) Moore's discovery response contained new information that led Plaintiffs' counsel to believe that he may be an appropriately named plaintiff in this case. (Id.)

Thus, Plaintiffs were unaware that Moore was a potential party to this litigation until May 2011, after the April 8, 2011 deadline to amend the Complaint and join necessary parties had passed. (*Id.*) After discovering this new information, and after Plaintiffs received confirmation from Moore that he would agree to the terms and

---

[3] In Plaintiffs' Initial Disclosures, Plaintiffs incorrectly identified Kevin Moore as "Kevin Smoore." (Rec. at 6.)

conditions of their Fee Agreement, Plaintiffs then promptly filed their Motion for Leave to Amend to Join Kevin Moore as a Named Plaintiff on June 17, 2011.  (*Id.*)

The Court understands the importance of parties meeting Court-ordered deadlines.  However, under the circumstances described above, Plaintiffs have established "good cause" under Rule 16(b)(4) for the extension of such a deadline.  It was not until the amendment deadline set in the Court's Scheduling Order had passed that Plaintiffs learned that Moore was a potential plaintiff in this case, as opposed to being only a possible witness.  (Obj. at 4.)  After obtaining this information, Plaintiffs then promptly filed their Motion, approximately two months after the deadline to amend the Complaint and join necessary parties had passed.  (*Id.*)  As such, Plaintiffs cannot be said to have lacked diligence in filing their Motion.  *See Pumpco, Inc.*, 204 F.R.D. at 668-69.

Plaintiffs have also satisfied the standard for amending their pleading under Fed. R. Civ. P. Rule 15(a).  Defendants received a discovery response from Moore in May 2011, and deposed him on July 11, 2011.  (Obj. at 3-4.)  Under such circumstances, Defendants are not prejudiced by Moore's inclusion as a named plaintiff in this action.  Moreover, the Court does not find any undue delay, bad faith or dilatory motive on Plaintiffs' part.  *See Pumpco, Inc.*, 204 F.R.D. at 669.  Nor does the Court find that Plaintiffs' Amendment would be futile.  *Id*.  As such, Plaintiffs have met their burden to amend their Complaint pursuant to Fed. R. Civ. P. Rule 15(a).

Because the Court finds that Plaintiffs have met their burden under both Fed. R. Civ. P. Rule 16(b)(4) and Rule 15(a), Plaintiffs' Objection to the Magistrate Judge's

Recommendation is SUSTAINED and the Recommendation is REJECTED. Accordingly, Plaintiffs' Motion for Leave to Amend and Join Kevin Moore as a Named Plaintiff is GRANTED.

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiffs' Objection (ECF No. 93) to the Magistrate Judge's September 30, 2011 Recommendation (ECF No. 90) is SUSTAINED and the Recommendation is REJECTED; and

2. Plaintiffs' Motion for Leave to Amend and Join Kevin Moore as a Named Plaintiff (ECF No. 55) is GRANTED.  Kevin Moore shall have Party Plaintiff status for all purposes in this action.

Dated this 23rd day of February, 2012.

BY THE COURT:

_____
William J. Martínez
United States District Judge