**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-02591-WJM-CBS

STEVE JAMES,
AARON D'MIZE,
ANTONIO LABATO,
CHARLES KING,
ARIN HART,
GEORGE WHITTINGTON,
AMY REYES, a/k/a Amy Arnett,
DELFINO ORTEGA, and
KEVIN MOORE,

      Plaintiffs,

v.

RODNEY FENSKE, in his official capacity as Lake County Sheriff,
DOLORES SEMSACK, in her official capacity as Lake County Commissioner,
KEN OLSEN, in his individual capacity,
MICHAEL BORDOGNA, in his official and individual capacities,
CARL SCHAEFER, in his official and individual capacities, and
PATRICIA BERGER, in her official and individual capacities,

      Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

---

Plaintiffs, nine former and two current deputies of the Lake County Sheriff's

Office, bring this action against the Board of Lake County Commissioners, the Lake

County Clerk and Recorder, and the current Lake County Sheriff alleging that Plaintiffs

were not paid appropriately for their services by the County.  Before the Court is

Defendants' Motion for Summary Judgment.[1]  (ECF No. 82.)

For the reasons set forth below, Defendants' Motion for Summary Judgment is

GRANTED IN PART and DENIED IN PART.

## I.  BACKGROUND

### A.    Factual Background

The following undisputed facts are taken from the record:

Plaintiffs are former or current Deputy Sheriffs employed by the Lake County

Sheriff's Office ("Lake County Deputies").  (ECF No. 4 (Am. Comp. ¶¶ 1-9.))  As such,

all Plaintiffs are current or former employees subject to the provisions of the Fair Labor

Standards Act ("FLSA") (29 U.S.C. § 207).   Defendants Olsen, Bordogna, Schaefer,

and Semsack are former or current members of the Board of Lake County

Commissioners ("BOCC").  (Dep. of K. Olsen, 9:5-14; R. Fenske's Answer, ¶ 13-14;

Dep. of D. Semsack, 7:23-25, 8:1-7.)  Defendant Fenske has been the Lake County

Sheriff since January 2011 (R. Fenske's Answer, ¶ 11), and Defendant Berger has

been the Lake County Clerk & Recorder since January 1995. (*Id.*, ¶ 15.)  Non-party

Edward Holte was the Lake County Sheriff from June 2001 to January 2011. (Dep. of E.

Holte, 12:4-6, 13:1-7.)

Pursuant to the FLSA, public entities are exempt from paying overtime for law

---

[1]        Also before the Court is Defendants' Motion to Partially Dismiss Plaintiffs'
Amended Complaint.  (ECF No. 17)  However, Defendants' Motion to Partially Dismiss is
subsumed by Defendants' Motion for Summary Judgment, and a ruling on Defendants' Motion
for Summary Judgment will effectively moot Defendants' Motion to Partially Dismiss Plaintiffs'
Amended Complaint.  *See Brown v. Bd. of Educ. of Pueblo Sch. Dist. No. 1*, No. 05-cv-02079,
2007 WL 389947, at *2 (D. Colo. Feb. 1, 2007).

enforcement personnel until those employees have worked 86 hours every two weeks or 171 hours in a month. *See* 29 U.S.C. § 207(k). The Lake County Deputies are nonexempt employees covered by the FLSA's overtime provisions. (Dep. of K. Olsen, 36:1-15, 40:3-25, 41:1.) The FLSA does not require that nonexempt employees be paid hourly; nonexempt employees may be paid by means of a salary. *See* 29 C.F.R. § 778.113. Moreover, the FLSA allows a public entity like Lake County to select the work period for law enforcement personnel. *See* 29 U.S.C. § 207(k).

Lake County selected a 14-day work period for all Lake County employees, including Lake County Deputies. (Dep. of E. Holte, 27:16-21.) Under FLSA guidelines, the hourly rate of pay for determining overtime, if any hours are worked in excess of the 86 hours per 14-day work period, is determined by taking the salary for that work period and dividing it by the number of hours for which it is intended. *See* 29 U.S.C. § 207(k). In accordance with the FLSA, no Lake County Deputy earned overtime unless he/she worked more than 86 hours per 14-day pay period. (Dep. of E. Holte, 39:19-25, 40:1-5.) Throughout his tenure as Sheriff, Edward Holte employed a shift system for Lake County Deputies structured at seven 12-hour shifts in a 14-day pay period for a total of 84 hours per pay period. (Dep. of E. Holte, 27:16-24.)

The BOCC has exclusive power to adopt the annual budget for the operation of the county government, including all departments and offices of other elected officials. *See* C.R.S. § 30-11-107(2)(a). The final budget determination of the BOCC is binding upon each department and offices of other elected officials. *Id*. The BOCC adopts the budget for an upcoming calendar year for the County pursuant to Colorado Revised

Statute § 30-11-107(2)(a).  (Dep. of K. Olsen, 12:7-25, 13:1-16.)

In October 2008, Plaintiff James sent a letter to Defendants about issues related to his pay.  (Am. Comp., ¶ 28.)  Defendants brought James's inquiry to the attention of their legal counsel, Richard Lyons.  (October 23, 2008 letter from Richard Lyons to Defendant Berger, attached to Defs'. SJ Mot., Ex. G.)  Mr. Lyons advised Defendants that Lake County Deputies are nonexempt employees, and summarized the 86-hour requirement for law enforcement personnel.  (*Id*.)  Defendant Berger subsequently responded to Plaintiff James's inquiry in a memo dated October 23, 2008.  (October 23, 2008 memo from Defendant Berger to Sheriff Ed Holte and all Sheriff Deputies, attached to Defs'. SJ Mot., Ex. H.)  In her memo, Defendant Berger stated that: (1) Plaintiffs are paid per FLSA at 86 hours per 14-day period; (2) the annual salary for each Plaintiff is divided by 26 pay periods; and (3) the pay period total is then divided by 86 hours for the hourly wage.  (*Id*.)

Prior to October 23, 2008, Plaintiffs' wages averaged the following amounts: (1) Steve James - $15.70 per hour; (2) Aaron D'Mize - $16.77 per hour; (3) Antonio LaBato - $15.32 per hour; (4) Charles King - $15.32 per hour; (5) Arin Hart - $15.32 per hour; (6) George Whittington - $15.36 per hour; (7)  Amy Reyes - $15.32 per hour; and (8) Delfino Ortega - $15.23 per hour.  (Defendant Berger's breakdown of Plaintiffs' wages, attached to Pls'. SJ Resp., Ex. 18.)  Plaintiffs allege that their hourly wages were reduced after October 23, 2008.  (Am. Comp., ¶¶ 29-30.)

On November 6, 2008, Sheriff Holte sent a letter to Defendants objecting to the course of action identified in Defendant Berger's October 23, 2008 memo.  (November

6, 2008 memo from Sheriff Holte to the BOCC, attached to Pls'. SJ Resp., Ex. 15.)

Sheriff Holte advised the BOCC that the Lake County Deputies must be compensated

for those hours between 80 to 86 hours in a single 14-day pay period.  (Dep. of E.

Holte, 31:24-25, 32:1-5.)

## B.    Procedural History

Plaintiffs filed their original Complaint on October 22, 2010.  (ECF No. 1.)

Plaintiffs subsequently filed an Amended Complaint on November 12, 2010.  (ECF No.

4.)  Plaintiffs bring claims against Defendants for: (1) violations of the Fair Labor

Standard Act ("FLSA") 29 U.S.C. § 201 *et seq*., (First Claim) and (2) violations of the

Fourteenth Amendment under 42 U.S.C. §1983 (Second Claim).[2]  (*Id*.)  Plaintiffs bring

these claims against: (1) Defendants Bordogna, Schaefer, and Berger in their official

and individual capacities, (2) Defendants Fenske and Semsack in their official

capacities only, and (3) Defendant Olsen in his individual capacity only.  (*Id*.)

Plaintiffs allege that they were only compensated for 80 hours of work despite

working normally 84 hours or more in any given two week period. (Am. Comp., ¶ 25).

Plaintiffs further allege that Defendants failed to compensate them for straight time

hours when Plaintiffs worked from 81 to 86 hours over a two week period.  (*Id*., ¶ 26).

Thus, Plaintiffs assert that their pay covered only 80 hours per pay period, and that they

were not compensated for the hours worked between 80 and 84 or between 80 and 86.

Plaintiffs also allege that they were hourly, not salaried, employees of the Lake County

---

[2]      Plaintiffs have dismissed with prejudice their violation of public policy claim (Third Claim) against all Defendants.  (ECF No. 35 at 14.)

Sheriff.  (*Id.*, ¶ 29-30.)

On August 22, 2011, Defendants filed a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 on all of Plaintiffs' claims.  (ECF No. 82.)  On September 28, 2011, Plaintiffs filed a Response in Opposition to Defendants' Motion for Summary Judgment (ECF No. 89), and on October 17, 2011, Defendants filed a Reply in Support of their Motion for Summary Judgment (ECF No. 94).

The Motion is now ripe for resolution.

## II.  LEGAL STANDARD

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994).  Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or, conversely, is so one-sided that one party must prevail as a matter of law.  *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248-49 (1986); *Carey v. U.S. Postal Serv.*, 812 F.2d 621, 623 (10th Cir. 1987).

A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable juror could return a verdict for either party.  *Anderson*, 477 U.S. at 248.  The Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial.  *Quaker State Mini-Lube, Inc. v. Fireman's Fund Ins. Co.*, 52 F.3d 1522, 1527 (10th Cir. 1995); *Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. Where the non-movant bears the burden of proof at trial, the non-movant must then point to specific evidence establishing a genuine issue of material fact with regard to each challenged element. *See Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002); *In re Ribozyme Pharms., Inc. Sec. Litig.*, 209 F. Supp. 2d 1106, 1111 (D. Colo. 2002).

## III. ANALYSIS

## A. Fair Labor Standards Act ("FLSA") Claim (First Claim)

### 1. FLSA Claims against Defendants Olsen, Bordogna and Schafer in their individual capacities

Defendants do not challenge the assertion that Plaintiffs can bring FLSA claims against Defendants Olsen, Bordogna, and Schafer in their official capacities. (Def. Mot. to Dismiss at 5-7.) Rather, Defendants argue that Plaintiffs cannot bring their FLSA claims against Defendants Olsen, Bordogna, and Schafer in their individual capacities because they are not "employers" under the FLSA.[3] (*Id.*)

The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee . . ." 29 U.S.C. § 203(d). In *Robertson v. BOCC*, 78 F. Supp. 2d 1142 (D. Colo. 1999), the Court utilized the following test to determine if an entity or individual is an "employer" under the FLSA:

> An employer under the Act is someone who: 1) has the power to hire and fire the employee; 2) supervises and controls the employee's work schedule or conditions of employment; 3) determines the rate and method of payment;

---

[3]     Defendants Semsack and Fenske are only sued in their official capacities.

> and 4) maintains employment records. (citations omitted).
> No one factor is dispositive, but instead 'a court must
> consider the economic realities and the circumstances of the
> whole activity.'" (quotation and citations omitted).

*Id*. at 1151; *see also Baker v. Flint Eng'g & Constr. Co.*, 137 F.3d 1436, 1440 (10th Cir.

1998).

Here, Plaintiffs are or were employed as Lake County Deputy Sheriffs.  (Am.

Comp., ¶¶ 1-9.)  The BOCC is responsible for adopting the classification and

compensation plan for all county employees, including deputy sheriffs.  *See* C.R.S.

§30-2-104(1)(a).  However, the Lake County Sheriff has the sole authority to hire and

fire deputy sheriffs.  *See* C.R.S. § 30-10-506.  The Lake County Sheriff also supervises

and controls Plaintiffs' work schedule and conditions of employment.  *Id*.

Utilizing the *Robertson* factors, the Court finds that Defendants Olsen, Bordogna,

and Schafer are not Plaintiffs' "employers" in their individual capacities under the FLSA.

*See* 78 F. Supp. 2d at 1151; *see also Welch v. Laney*, 57 F.3d 1004, 1011 (11th Cir.

1995) (holding that sheriff could not be sued under the FLSA in his individual capacity

where he had no control over plaintiff's employment).  While Plaintiffs point to a number

of cases where Boards of County Commissioners have been held to be "employers"

under the FLSA, those cases only found such Boards to be "employers" in their official

capacity.  *See, e.g., Robertson*, 78 F. Supp. 2d at 1151; *Johnson v. Bd. of Cnty.*

*Comm'rs*, 859 F. Supp. 438, 441 (D. Colo. 1994).  And Plaintiffs' additional authorities

simply support the notion that an individual *can* be individually liable as an employer

under the FLSA.  *See, e.g., Donovan v. Tavern Talent & Placements, Inc.*, 84-F-401,

1986 WL 32746, at *3 (D. Colo. Jan. 08, 1986) ("a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA").

Accordingly, for the reasons stated above, the Court finds that Defendants Olsen, Bordogna, and Schafer are not Plaintiffs' employers in their individual capacities under the FLSA.  Therefore, Plaintiffs' FLSA claim (First Claim) brought against Defendants Olsen, Bordogna and Schafer in their individual capacities is dismissed.

### 2.   FLSA Claim against Defendant Berger in her official and individual capacity

Defendants next assert that Plaintiffs cannot bring an FLSA claim against Defendant Berger, the Lake County Clerk and Recorder, in either her official or individual capacity because she cannot be considered an "employer" under the FLSA. (Def. Mot. to Dismiss at 7-8.)

In accordance with the analysis above, Defendant Berger is not Plaintiffs' "employer" in her individual capacity under the FLSA.  *See Robertson*, 78 F. Supp. 2d at 1151.  The Court will thus turn to Defendant Berger's status as an "employer" in her official capacity under the FLSA.

Defendant Berger, as county clerk and recorder, is an independently elected official whose constitutional and statutory responsibilities do not involve approval of compensation for employees of the Lake County Sheriff.  *See* C.R.S. § 30-10-401*, et seq*.  However, Plaintiffs have submitted evidence that Defendant Berger (i) analyzed and determined Plaintiffs' individual wage amounts (Defendant Berger's Breakdown fo

Plaintiffs' wages, attached to Pls'. SJ Resp., Ex. 18.), and (ii) responded to Plaintiff James's inquiry regarding wages in a memo dated October 23, 2008. (*See* October 23, 2008 memo from Defendant Berger to Sheriff Ed Holte and all Sheriff Deputies, attached to Defs'. SJ Mot., Ex. H.) (stating that Defendant Berger's office conducted an audit of the Lake County Sheriff's Department, and determining that Plaintiffs receive an "annual" salary and are "paid per FLSA at 86 hours per 14 day period").

Accordingly, regardless of whether Defendant Berger had the statutory authority to set the rate and method of pay for Plaintiffs, there is a genuine dispute of material fact as to whether Defendant Berger, in her official capacity, is Plaintiffs' "employer" under the FLSA. Therefore, Defendants' Motion seeking summary judgment on Plaintiffs' FLSA claim against Defendant Berger in her official capacity is denied.

### 3.     Statute of limitations defenses on FLSA claim brought by Plaintiffs Whittington, Reyes and King

Defendants argue that even if they did commit a willful violation of the FLSA, Plaintiffs Whittington, Reyes, and King's FLSA claims are barred by the statute of limitations because these Plaintiffs discovered that their pay had allegedly been improperly changed more than three years prior to the commencement of this lawsuit. (Defs'. SJ Mot. at 10-12.)

Plaintiffs counter that the facts giving rise to Plaintiffs' FLSA claims accrued only *after* Plaintiff James made his October 2008 pay inquiry, and Defendant Berger responded to that inquiry on October 23, 2008. (Pls'. SJ Resp. at 16.) Thus, Plaintiffs argue that they did not became fully aware of the specific problems relating to their

straight time hourly rates until October 23, 2008.  (*Id.*)

The statute of limitations for an FLSA claim is two years.  29 U.S.C. § 255.

However, the FLSA statute of limitations is extended to three years if a "willful" FLSA

violation is alleged and proven.  *Id*.  An FLSA claim accrues "when plaintiff knows or

has reason to know of the injury which is the basis of the action."  *Oliver v. Layrisson*,

No. 95-cv-0003, 1995 WL 250450, at *3 (E.D. La. Apr. 27, 1995).

Accordingly, Plaintiffs Whittington, Reyes, and King's FLSA claims are time

barred as a matter of law if they knew or had reason to know that Defendants violated

the FLSA in the manner asserted by Plaintiffs more than three years prior to October

22, 2010, the day on which Plaintiffs filed their Complaint.  (ECF No. 1.)

### a.  Plaintiff Whittington

Whittington testified that he became aware of issues with his pay during his first

employment tenure with the Lake County Sheriff's Office, which began in 2001 and

ended in 2006.  (Dep. of G. Whittington, 51:25, 52:1-6.)  He also sent a letter to the

United States Department of Labor in April 2004 inquiring about issues related to his

pay.  (May 4, 2004 letter from U.S. Department of Labor to George Whittington, Def. SJ

Mot., attached as Exhibit L.)  However, this letter does not indicate that Whittington

knew or had reason to know of the **specific** issues regarding his straight time pay

alleged in Plaintiffs' Amended Complaint.  (*Id.*)

### b.  Plaintiff Reyes

Reyes testified that she became aware of alleged problems with her pay

in 2001.  (Dep. of A. Reyes, 92:14-25, 93:1.)  However, Reyes also testified that she

was only required to work 80 hours per pay period and that her overtime rate of pay should be triggered after working 80 hours.  (Dep. of A. Reyes, 77:13-25, 79:9-12.) Reyes further testified that she made no inquires about her hourly rate of pay, and only became aware of the rate of potential straight time pay issues through the process of initiating this lawsuit.  (*Id.*, 35:2-13, 92:8-13.)

### c. Plaintiff King

King testified that he became aware of alleged problems with his pay at some point during his first employment tenure with the Lake County Sheriff's Office, which occurred between 1996 and 2006.  (Dep. of C. King, 24:5-25.) (Q: So essentially you're working 86 hours and you're not being paid for those 86 hours; is that right?  A: Yes, sir;  Q: Do any of those -- do any of your complaints in that regard relate to your first go-around with Lake County, '96 to '06?  A:  Yes.)  However, King also indicated that he first learned about potential straight time pay issues during the initiation of this lawsuit, and after Plaintiff James sent his inquiry to the BOCC on October 21, 2008. (*Id.*, 54:15-25, 55:1-11.)

For purposes of Defendant's Motion for Summary Judgment, Plaintiffs' evidence described above is sufficient to counter Defendants' contention that Plaintiffs Whittington, Reyes, and King's FLSA claims accrued before Defendant Berger responded to Plaintiffs on October 23, 2008.  While Plaintiffs Whittington, Reyes, and King concede that they knew of problems with their pay before October 23, 2008, these concessions do not indicate that they knew or had reason to know of the **specific** pay problems alleged in this lawsuit.  As such, there is a genuine dispute of material fact as

to when Plaintiffs Whittington, Reyes, and King first knew or had reason to know that Defendants had allegedly violated the FLSA in the manner described in Plaintiffs Amended Complaint.   Therefore, Defendants' Motion for Summary Judgment seeking to dismiss Plaintiffs Whittington's, Reyes' and King's FLSA claims on the grounds of statute of limitations is denied.

**4.      Violations of the FLSA**

**a.  Plaintiffs' straight time compensation claim**

Plaintiffs allege that all Defendants failed to compensate them for straight time hours worked between 81 to 86 hours over a 14-day period in violation of the FLSA. (Am. Comp., ¶ 26.)  Defendants move for summary judgment on Plaintiffs' straight time compensation claim, arguing that Plaintiffs are "salaried" employees, not "hourly" employees, and that Defendants, therefore, do not owe them compensation for hours Plaintiffs worked between 81 to 86 hours over a 14-day period.  (Defs'. SJ Mot. at 12-17.)

 The FLSA does not require that nonexempt employees be paid hourly; nonexempt employees may be paid on a salary basis.  *See* 29 C.F.R. § 778.113.  The FLSA also allows a public entity like Lake County to select the work period for law enforcement personnel.  *See* 29 U.S.C. § 207(k).  Lake County selected a 14-day work period for all Lake County employees, including Plaintiffs.  (Dep. of E. Holte, 27:16-21.)

Pursuant to C.R.S. § 30-2-106(1), the salaries of the undersheriff and deputy sheriff in all Colorado counties shall be fixed by the sheriff, with the approval of the board of county commissioners.  C.R.S. § 30-11-107(2)(a) states in pertinent part:

> …[T]he board of county commissioners of each county has exclusive power to adopt the annual budget for the operation of the county government, including all offices, departments, boards commissions…[T]he final budget determination of each board of county commissioners shall be binding upon each of the respective offices, departments, boards, commissions…

Since at least 2006, the BOCC has adopted a budget which provides an annual salary for each Deputy Sheriff.  (Dep. of K. Olson, 59:13-19.)  Since at least 2006, Defendants argue, the BOCC has appropriated salaries for the law enforcement personnel of Lake County based on a 2,236 hour work year (86 hours x 26 pay periods).  (Lake County Budget Worksheets, Def. SJ Mot., attached as Ex. D.)  According to Defendants, in 2004, upon learning of the FLSA exemption for law enforcement personnel, the BOCC adopted 86 hours per pay period as the base for the annual wage (salary) for law enforcement personnel, rather than 80 hours as had been the previous base.  (Def. SJ Mot. at 14.)

Plaintiffs counter that they worked the required shift hours for compensation which was, at a minimum, 84 hours every 14 days, but were only compensated for 80 hours of work.  (Dep. of S. James, 38:19-25, 39:1.)

29 C.F.R. § 778.315 provides, in relevant part:

> In determining the number of hours for which overtime compensation is due, all hours worked…by an employee for an employer must be counted. Overtime compensation, at a rate not less than one and one-half times the regular rate of pay, must be paid for each hour worked in the workweek in excess of the applicable maximum hours standard. This extra compensation for the excess hours of overtime work under the Act cannot be said to have been paid to an employee unless all the straight time compensation due him for the nonovertime hours under his contract (express or implied) or under any applicable statute has been paid.

Plaintiffs assert that their wages were fixed by Sheriff Holte as mandated by statute under C.R.S. § 30-2-106(1).  Indeed, Sheriff Holte testified that Plaintiffs were only compensated for those hours they actually worked.  (Dep. of E. Holte, 16:9-25, 17:1-25, 18:1-20, 85:5-25, 86:1-17.)  Sheriff Holte also told the BOCC that Plaintiffs must be compensated for those hours worked between 80 to 86 hours.  (*Id*., 31:24-25, 32:1-5.)

Sheriff Holte further explained that when he presented his proposed budget to the BOCC, he estimated what he believed a deputy sheriff would make for a full calendar year by figuring out what an hourly rate is for a deputy, and then multiplying the hourly rate by 2,080 hours.  (*Id*., 89:10-25, 90:1-18.)  For example, while the BOCC's budget shows Plaintiff Ortega earning a salary of $31,869.00, Ortega's salary had to be estimated by first making an hourly rate, and then multiplying that rate by 2,080, for a total line item budget of $31,869.00.  (*Id*.)  Moreover, Sheriff Holte testified that "there is no employee in the county under the county employee handbook that's been listed as a salaried employee except for the elected positions."  (*Id*., 16:22-25.)

Plaintiffs also point to Plaintiff LaBato's pay stub as evidence that Plaintiffs were hourly, as opposed to salaried, employees.  LaBato testified that he was hired as an hourly wage earner starting at just over $15.00 per hour.  (Dep. of A. LaBato, 15:8-16, 50:22-25, 51:1-25.)  LaBato's testimony is corroborated by his pay stub, which shows that he logged 64 hours from March 1, 2008 thru March 14, 2008, and received $980.58 for those hours, making his hourly wage $15.32 per hour.  (LaBato's March 1, 2008 time sheet with accompanied pay stub, Pls'. SJ Resp., attached as Ex. 12.)

Based on the evidence above, the Court finds that there is a genuine dispute of material fact as to whether Plaintiffs were salaried employees, or hourly employees.  If Plaintiffs are or were hourly employees, they may be entitled to straight time pay for hours that they worked, but were never compensated.  *See Lamon v. Shawnee*, 972 F.2d 1145, 1155 (10th Cir. 1992) (under the FLSA's liberal construction, law enforcement personnel must be compensated at their regular hourly rate for accredited hours).  Accordingly, Defendants' Motion for Summary Judgment on Plaintiffs' FLSA straight time hour claim is denied, and this claim proceeds against Defendants Bordogna, Schaefer, Berger, Semsack and Fenske in their official capacities only.

### b.  Plaintiffs' overtime compensation claim

Plaintiffs further allege that Defendants failed to compensate them for overtime hours worked between 81 to 86 hours over a 14-day period in violation of the FLSA. (Pls'. SJ Resp. at 24-27.)  Plaintiffs' claims appear to be that: (1) Plaintiffs' overtime compensation **after** October 23, 2008 was not based on the one and one-half times the regular rate at which the employees were hired and/or employed at; and (2) Plaintiffs should have received overtime compensation for hours worked over 40 hours per week prior to October 23, 2008.  (*Id*.)  Defendants also move for summary judgment on Plaintiffs' overtime compensation claims.  (Defs'. SJ Mot. at 12-16.)

 Pursuant to the FLSA, public entities are exempt from paying overtime for law enforcement personnel until those employees have worked 86 hours every two weeks or 171 hours in a month.  29 U.S.C. § 207(k).  Under the FLSA guidelines, the hourly rate of pay for determining overtime, if any hours are worked in excess of the 86 hours

per 14 day work period, is determined by taking the salary for that work period and dividing it by the number of hours for which it is intended. *Id*.

In accordance with the FLSA, no Lake County Deputy earned overtime unless he/she worked more than 86 hours per 14-day pay period. (Dep. of E. Holte, 39:19-25, 40:1-5.) The county budget has a specific amount of money approved for the payment of overtime for law enforcement personnel. (Lake County Budget Worksheets, Def. SJ Mot., attached as Ex. D.) Throughout Sheriff Holte's 9 ½ year tenure as Lake County Sheriff, all Lake County Deputies had to work 86 hours before they would receive overtime compensation. (Dep. of E. Holte, 39:19-25, 40:1-5.) Moreover, the BOCC has the authority to set the wages of all county employees. *See* C.R.S. § 30-11-107(2)(a).

Plaintiffs do not dispute the above facts. Rather, Plaintiffs claim that prior to October 2008, Plaintiffs received time and a half based on a wage of over $15.00 per hour, and Defendants have now violated the FLSA since October 23, 2008 by paying overtime wages in an amount less than the one and one-half times the $15.00 rate. (Pls'. SJ Resp. at 25.) Plaintiffs support their argument by relying on 29 U.S.C. § 207(a)(1) (overtime hours must be compensated at a rate not less than one and one-half times the regular rate at which the employee is employed). However, Plaintiffs have offered no legal support for their proposition that Defendants were not allowed to change Plaintiffs' hourly pay rate after October 23, 2008.

Further, Plaintiffs argue that there is a dispute of fact as to whether Plaintiffs' compensation was based on an 80-hour work week or an 86-hour work week (over a

two week period).  (Pls'. SJ Resp. at 26.)  Sheriff Holte testified that Plaintiffs'

compensation was based on a 40 hour work week.  (Dep. of E. Holte, 57:20-25,

58:1-5.)  However, it is undisputed that Plaintiffs were **never** payed an overtime rate for

hours worked in excess of 80 hours, but less than 86 hours, per two week period.  And

it is undisputed that Defendants do not have to pay overtime rates to Plaintiffs under the

FLSA until they have worked 86 hours every two weeks.  *See* 29 U.S.C. § 207(k).

Plaintiffs have put forth no evidence that Sheriff Holte's internal operating 40 hour work

week creates an obligation for Defendants to pay Plaintiffs overtime rates for hours

worked in excess of 80 hours, but less than 86 hours, per two week period.

In short, Plaintiffs have presented no evidence which creates a triable issue of

fact as to whether Defendants were allowed to alter or lower Plaintiffs' overtime rate

after October 23, 2008.  Moreover, Plaintiffs have presented to no evidence that

Defendants were obligated under the FLSA to pay Plaintiffs overtime rates for hours

worked in excess of 80 hours, but less than 86 hours, per two week period.  As such, all

Defendants are entitled to judgment as a matter of law on Plaintiffs' overtime FLSA

claims.

### c.  Willful violations of the FLSA

Plaintiffs allege that Defendants' violations of the FLSA were willful.  (Am.

Comp., ¶¶ 32, 33).  Defendants move for summary judgment arguing that Plaintiffs

have presented no evidence of a willful FLSA violation.  (Defs'. SJ Mot. at 16-17.)

Under 29 U.S.C. § 255(a), an employer acts willfully if it either knew or showed

reckless disregard for the matter of whether its conduct was prohibited by the FLSA.

Whether an FLSA violation is willful is a mixed question of law and fact, but factual issues predominate.  *See Pabst v. Okl. Gas & Elec. Co.*, 228 F.3d 1128, 1137 (10th Cir. 2000) (internal citation omitted).

Defendants primarily rely on a good faith "advice-of-counsel" defense to argue that any alleged FLSA violation on their part was not willful.  (Def. SJ Mot. at 16-17.) While not dispositive, an employer may assert a good faith "advise-of-counsel" defense provided the employer shows: (1) a request for advice of counsel on the legality of a proposed action, (2) full disclosure of the relevant facts to counsel, (3) receipt of advice from counsel that the action to be taken will be legal, and (4) reliance in good faith on counsel's advice.  *See Mumby v. Pure Energy Servs., Inc.*, 636 F.3d 1266, 1270 (10th Cir. 2011) (internal citation omitted).

In response to Plaintiff James's pay inquiry in October 2008, Defendants sought the advice of their legal counsel, Richard Lyons, on the legality of their actions. (October 23, 2008 letter from Richard Lyons to Defendant Berger, attached to Defs'. SJ Mot., Ex. G.)  Mr. Lyons advised Defendants with respect to this inquiry, and Defendants responded to all Plaintiffs in a letter dated October 23, 2008.  (October 23, 2008 memo from Defendant Berger to Sheriff Ed Holte and all Sheriff Deputies, attached to Defs'. SJ Mot., Ex. H.)

Plaintiffs, however, have introduced evidence that Mr. Lyons was only asked to evaluate and calculate overtime payment.  (Dep. of R. Lyons, 27:23-25; 28:1-11.) Thus, there is some evidence that Attorney Lyons never provided Defendants with legal advice regarding Plaintiffs straight time hour claims.  (*Id*., 27:23-25, 28:1-11, 32:19-25,

33:1-25.)  Moreover, it appears that Mr. Lyons did not have any discussions with Defendant Berger or Sheriff Holte regarding whether Plaintiffs were hourly or salaried employees.  (*Id.*)

Plaintiffs have also submitted evidence that Defendants changed Plaintiffs' compensation and pay stubs without first consulting Sheriff Holte (Dep. of P. Berger, 74:14-25, 81:24-25, 82:1-25, 84:1-21), and despite Sheriff Holte's objections.  (Dep. of E. Holte, 31:24-25, 32:1-5).

Based on the evidence above, the Court concludes there is a genuine dispute of material fact as to whether Defendants' alleged FLSA violations were willful. Accordingly, that portion of Defendants' Motion which seeks a finding that as a matter of law Defendants' alleged FLSA violations were not willful is denied.

**B.     Section 1983 Claim based on a Violation of the Fourteenth Amendment (Second Claim)**

**1.       Property interest**

Defendants move for summary judgment on Plaintiffs' Fourteenth Amendment Section 1983 claim based on a Fourteenth Amendment violation.  Defendants argue that because Plaintiffs cannot first demonstrate that they had a protected property interest, they have not stated a cognizable procedural due process claim.[4]  (Defs'. Mot. Dismiss at 9-10.)

To determine whether a plaintiff was denied procedural due process, the Court engages in a two-step inquiry: (1) did the individual possess a protected interest to

---

[4]      Plaintiffs do not claim to have a protected liberty interest.  (Pls'. SJ Resp. at 32.)

which due process protection was applicable; and (2) was the individual afforded an appropriate level of process. *See Hennigh v. City of Shawnee*, 155 F.3d 1249, 1253 (10th Cir. 1998) (citation omitted).

Therefore, to maintain a viable procedural due process claim, Plaintiffs must first demonstrate that they had a protected property interest.[5] *Id*. "The existence of a property interest is defined by existing rules or understandings that stem from an independent source such as state law - rules or understandings that secure certain benefits and support claims of entitlement to those benefits." *Id*. (internal citation and quotations omitted); *see also Curtis Ambulance of Fla., Inc. v. Bd. of Cnty. Comm'rs*, 811 F.2d 1371, 1376 (10th Cir. 1987) (citing *Perry v. Sindermann*, 408 U.S. 593, 601 (1972)) (rules or mutually explicit understandings that support a claim of entitlement to the benefit and that may be invoked at a hearing create a protected property benefit).

Defendants argue that Plaintiffs are only asserting a protected property interest in maintaining a specific hourly wage that was reduced after October 2008. (Defs'. Mot. to Dismiss at 9-10; Am. Comp., ¶ 37.) The Court disagrees with this overly narrow reading of Plaintiffs' Amended Complaint. Reading Plaintiffs' Amended Complaint as a whole, it is clear that Plaintiffs are also alleging a protected property interest in past compensation that they allegedly earned from Defendants as a result of the services they performed, but which they allegedly never received. (*See, i.e.*, Am. Comp., ¶ 30.)

Under the FLSA, an employer must pay an employee for all hours worked where

---

[5]     Defendants do not argue that Plaintiffs were afforded an appropriate level of process. Defendants' Motion thus turns on whether Plaintiffs had a protected property interest under the Fourteenth Amendment.

such employee was engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  *See* 29 U.S.C. § 201 *et. seq*.  Moreover, Colorado's "Wage Claim Act provides a clear, comprehensive statutory scheme designed to require employers to pay wages earned by their employees . . ."  *Lambdin v. District Court In and For 18th Judicial Dist. of County*, 903 P.2d 1126, 1129 (Colo. 1995) (citing Section 8-4-104(1), 3B C.R.S. (1994 Supp.)).

In addition to the above statutory requirements, "[I]n all [Colorado] counties the salaries of the undersheriff and deputy sheriff shall be fixed by the sheriff, with the approval of the board of county commissioners."  C.R.S. 30-2-106(1).  Sheriff Holte and Plaintiffs both believed that Plaintiffs were being paid on an hourly basis for every hour they worked.  (Dep. of A. LaBato, 15:8-16, 50:22-25, 51:1-25; Dep. of E. Holte, 54:5-24; 57:20-25, 58:1-9, 84:21-25, 85:1-18.)  Such a mutually explicit understanding can also serve to create a protected property interest.  *See Curtis Ambulance*, 811 F.2d at 1376.

As described above, there is a genuine dispute of fact as to whether Plaintiffs were salaried employees or hourly employees.  If Plaintiffs were hourly wage earners, then they have a protected property interest in past wages that they allegedly earned, but never received.  *See Hennigh*, 155 F.3d at 1253.

However, Plaintiffs only have a protected property interest in compensation owed to them from their "employer."  See  29 U.S.C. § 201 *et. seq*.; 8-4-104(1), 3B C.R.S. (1994 Supp.).  As discussed above, Defendants Bordogna, Schaefer, Berger, Semsack and Fenske are only Plaintiffs' "employers" in their official capacities only, and not in

-22-

their individual capacities.[6]  Therefore, Plaintiffs' Section 1983 claim based on a

violation of the Fourteenth Amendment may only proceed against Defendants

Bordogna, Schaefer, Berger, Semsack and Fenske in their official capacities.[7]

Accordingly, Defendants' Motion for Summary Judgment as to Plaintiffs' Section

1983 claim based on a violation of the Fourteenth Amendment is granted as to such a

claim brought against Defendants Olsen, Bordogna, Schaefer and Berger in their

individual capacities, and denied as to such a claim brought against Defendants

Bordogna, Schaefer, Berger, Semsack and Fenske in their official capacities.

**2.      Statute of limitations defenses on Section 1983 Claim based on a
          Violation of the Fourteenth Amendment brought by Plaintiffs
          Whittington, Reyes and King**

Defendants also assert that Plaintiffs Whittington, Reyes and King's Section

1983 claim based on a violation of the Fourteenth Amendment is barred by the

applicable statute of limitations.  (Defs'. SJ Mot. at 18-19.)

The statute of limitations applicable to Plaintiffs' Section 1983 claim is two years.

*See Hunt v. Bennett*, 17 F.3d 1263, 1265-66 (10th Cir. 1994) (citing *Wilson v. Garcia*,

471 U.S. 261, 280 (1985)).  "Section 1983 claims accrue, for the purpose of the statute

of limitations, when the plaintiff knows or has reason to know of the injury which is the

---

[6]      Defendant Olsen is only sued in his individual capacity.

[7]      Defendants also assert a qualified immunity defense in response to Plaintiffs'
Fourteenth Amendment and Section 1983 claims.  (Defs'. SJ Mot. at 19-21.)  However,
qualified immunity is only available to Defendants in their individual capacities.  *See Buck v.
City of Albuquerque*, 549 F.3d 1269, 1277 (10th Cir. 2008).  As the Court is granting summary
judgment on Plaintiffs' Fourteenth Amendment and Section 1983 claims brought against
Defendants in their individual capacities, the Court does not reach the qualified immunity
analysis.

basis of the action." *Hunt*, 17 F.3d at 1266 (citing *Johnson v. Johnson Cnty. Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991).

As described in the statute of limitations analysis above, Plaintiffs have put forth sufficient evidence to counter Defendants' contention that Plaintiffs Whittington, Reyes, and King's FLSA claims accrued before October 23, 2008.  As such, there is a genuine dispute of material fact as to when Plaintiffs Whittington, Reyes, and King first knew or had reason to know that Defendants had allegedly violated Section 1983 in the manner described in Plaintiffs Amended Complaint.  Therefore, Defendants' Motion asserting that Plaintiffs Whittington's, Reyes' and King's Section 1983 claim based on a violation of the Fourteenth Amendment is barred by the statute of limitations is denied.

## C.    Plaintiffs' Second Amended Complaint

On February 29, 2012, Plaintiffs filed a Second Amended Complaint adding Kevin Moore as a named Plaintiff.  (ECF No. 107.)  However, Plaintiffs filed their Second Amended Complaint without first seeking leave of the Court, as they are required to do under Fed. R. Civ. P. 12 and 15(a).  This filing also ignores the fact that a party's complaint in an action is superseded by the subsequent filing of a Final Pretrial Order.  For both of these reasons, Plaintiffs' Second Amended Complaint is therefore stricken.

In the interests of expediting matters, the Plaintiffs are granted leave to file, on or before March 12, 2012, a proposed Amended Final Pretrial Order for the sole purpose of adding Kevin Moore as a party-plaintiff in this action and adding references to his individual claims and damages, as well as exhibits and witnesses pertinent to Mr.

Moore's claims, to the extent all of the above are not already included in the current Final Pretrial Order.  The parties are directed to meet and confer and make every effort possible to agree on the contents of this proposed Amended Final Pretrial Order.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendants' Motion to Partially Dismiss Plaintiffs' Amended Complaint  (ECF No. 17) is DENIED AS MOOT;

2. Defendant's Motion for Summary Judgment (ECF No. 82) is GRANTED IN PART and DENIED IN PART;

3. Defendants' Motion for Summary Judgment as to Plaintiffs' FLSA claim (First Claim) brought against Defendants Olsen, Bordogna, Schafer and Berger in their individual capacities is GRANTED;

4. Defendants' Motion for Summary Judgment as to Plaintiffs' FLSA claim (First Claim) brought against Defendant Berger in her official capacity is DENIED;

5. Defendants' Motion for Summary Judgment as to Plaintiffs' FLSA (First Claim) straight time hour claim is DENIED as to Defendants Bordogna, Schaefer, Berger, Semsack and Fenske in their official capacities;

6. Defendants' Motion for Summary Judgment as to Plaintiffs' FLSA (First Claim) overtime hour claim is GRANTED;

7. Defendants' Motion for Summary Judgment as to Plaintiffs' claim that Defendants' violations of the FLSA was willful is DENIED;

8. Defendants' Motion for Summary Judgment as to Plaintiffs' Section 1983 claim

based on a violation of the Fourteenth Amendment (Second Claim) brought against Defendants Bordogna, Schaefer, Berger and Olsen in their individual capacities is GRANTED;

9.    Defendants' Motion for Summary Judgment as to Plaintiffs' Section 1983 claim based on a violation of the Fourteenth Amendment (Second Claim) brought against Defendants Bordogna, Schaefer, Berger, Semsack and Fenske in their official capacities is DENIED;

10.   Defendant Olsen is DISMISSED as a Party-Defendant from this action;

11.   Plaintiffs' Second Amended Complaint  (ECF No. 107) is STRICKEN; and

12.   Plaintiffs are GRANTED leave to file, on or before March 12, 2012, a proposed Amended Final Pretrial Order for the sole purpose of adding Kevin Moore as a party-plaintiff in this action and adding references to his individual claims and damages, as well as exhibits and witnesses pertinent to Mr. Moore's claims, to the extent all of the above are not already included in the current Final Pretrial Order.

Dated this 1st day of March, 2012.

BY THE COURT:

_____
William J. Martínez
United States District Judge