**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-02591-WJM-CBS

STEVE JAMES,
AARON D'MIZE,
ANTONIO LABATO,
CHARLES KING,
ARIN HART,
GEORGE WHITTINGTON,
AMY REYES, a/k/a Amy Arnett,
DELFINO ORTEGA, and
KEVIN MOORE,

    Plaintiffs,

v.

RODNEY FENSKE, in his official capacity as Lake County Sheriff,
DOLORES SEMSACK, in her official capacity as Lake County Commissioner,
MICHAEL BORDOGNA, in his official and individual capacities,
CARL SCHAEFER, in his official and individual capacities, and
PATRICIA BERGER, in her official and individual capacities,

    Defendants.

---

**ORDER DENYING PLAINTIFFS' MOTION TO EXCLUDE AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO EXCLUDE**

---

In this wage and hour action, Plaintiffs allege that they were not paid for overtime hours worked as Sheriff's deputies for Lake County, Colorado. This case is set for an eight day jury trial beginning on September 4, 2012. (ECF No. 102.)

Before the Court are the following motions: (1) Defendant's Motion to Exclude the testimony of Plaintiffs' Expert Patricia Pacey Pursuant to Fed. R. Evid. 401 and 702 (ECF No. 114); and (2) Plaintiffs' Motion to Strike Defendants' Proposed Witnesses

Richard N. Lyons II and Catherine A. Tallerico Pursuant to Fed. R. Evid. 702 (ECF No. 116). For the reasons set forth below, Plaintiffs' Motion to Exclude is denied and Defendants' Motion to Exclude is granted in part and denied in part.

## I. LEGAL STANDARD

The Federal Rules of Evidence specify that a district court must act as a "gatekeeper" in admitting or excluding expert testimony. *Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1232 (10th Cir. 2004). Admission of expert testimony is governed by Rule 702, which provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. As interpreted by the Supreme Court, Rule 702 requires that an expert's testimony be both reliable, in that the witness is qualified to testify regarding the subject, and relevant, in that it will assist the trier in determining a fact in issue. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589–92 (1993); *Truck Insurance Exchange v. MagneTek, Inc.*, 360 F.3d 1206, 1210 (10th Cir. 2004).

## II. ANALYSIS

Defendants have moved to strike Plaintiffs' expert on economic damages. (ECF No. 114.) Plaintiffs have moved to strike two witnesses that Defendants have identified as both non-expert and expert witnesses. (ECF No. 116.) The Court will address each

motion in turn below.

**A.     Defendants' Motion to Strike Patricia Pacey**

Defendants move to strike Plaintiffs' expert on economic damages, Dr. Patricia Pacey.  (ECF No. 114.)  Defendants do not take issue with Dr. Pacey's qualifications; they argue only that her testimony will not assist the trier of fact.  (*Id*. at 4-7.)  Specifically, Defendants contend that Dr. Pacey's testimony is unnecessary because she only performed simple calculations which the jury could do itself and prejudicial because the jury would likely give it more weight because it came from a "expert".  (*Id*.)

The Court disagrees with Defendants' arguments.  While the mathematical calculations that Dr. Pacey performed may not be conceptually difficult, she compiled three years of pay-related data from the Plaintiffs and the county.  Based on this raw data, she performed calculations regarding allegedly unpaid wages and prepared summary charts that set forth her findings.  These charts alone are likely to assist jury with understanding and marshaling the evidence presented at trial.  Therefore, the Court finds that Dr. Pacey's testimony is likely to assist the trier of fact.

Plaintiffs have represented to the Court that Dr. Pacey's testimony will last no more than one hour.  Defendants will have adequate opportunity to cross-examine Dr. Pacey to attempt to impugn her calculations and/or her credibility.  In an eight-day trial, it is difficult to see how this limited testimony would be so prejudicial that it should be excluded.  Accordingly, Defendants' Motion to Exclude is denied to the extent that it seeks to exclude Dr. Pacey's testimony altogether.

Defendants also move to strike the portion of Dr. Pacey's testimony that pertains to now-dismissed plaintiff Edward Reinhardt.  (ECF No. 116 at 7.)  Plaintiffs do not

3

oppose the exclusion of Dr. Pacey's opinions with respect to Mr. Reinhardt as he is no longer participating in this action. (ECF No. 120 at 10.) Accordingly, Defendant's Motion to Exclude is granted to the extent it seeks to exclude Dr. Pacey's testimony related to former plaintiff Edward Reinhardt.

**B.      Plaintiffs' Motion to Strike Richard Lyons and Catherine Tallerico**

Plaintiffs move to strike Defendants' designation of witnesses Richard Lyons and Catherine Tallerico as expert witnesses. (ECF No. 114.) Mr. Lyons and Ms. Tallerico are attorneys that, at some point relevant to this case, provided legal advice to Lake County regarding wage and hour issues. (ECF No. 119 at 2-3.) Mr. Lyons and Ms. Tallerico are listed as both non-expert and expert witnesses in the Final Pretrial Order. (ECF No. 109 at 10-11.)

Plaintiffs argue that Mr. Lyons and Ms. Tallerico's testimony should be excluded because it is the Court's role to inform the jury as to the law that governs this case and no witnesses should be permitted to testify on the subject. (ECF No. 114 at 4.) Defendants contend that Mr. Lyons and Ms. Tallerico will not be testifying about the law that governs the case in general. Rather, they will be providing testimony on the advice that they offered to Lake County officials with respect to whether overtime pay was required for sheriff's deputies. (ECF No. 119 at 4.) Defendants state that they identified Mr. Lyons and Ms. Tallerico as both non-expert and expert witnesses only "in an abundance of caution." (*Id*. at 7.)

Based on Defendants' representations made in their filings, the Court views the testimony that will be offered by Mr. Lyons and Ms. Tallerico as primarily non-expert or fact testimony. One of the Plaintiffs' claims in this case is that Defendants wilfully

4

violated the Fair Labor Standards Act.  (ECF No. 109 at 3.)  Defendants' primary defense to the wilfullness claim is that they were acting on the advice of counsel, and specifically the advice of Mr. Lyons and Ms. Tallerico.  (*Id*. at 6.)  Therefore, to the extent that these witnesses are testifying as non-expert witnesses regarding facts relevant to this case, the Court sees no reason to exclude their testimony.

However, the Court will not permit any witness to testify about the state of wage and hour law in general or as it specifically applies to the Plaintiffs' claims in this case. *See Specht v. Jensen*, 853 F.2d 805, 808 (10th Cir. 1988) ("when the purpose of the testimony is to direct the jury's understanding of the legal standards upon which their verdict must be based, the testimony cannot be allowed.")  The Court will instruct the jury as to the law that governs their deliberations and the bulk of the discussion regarding the law should come from the Court.

The Court acknowledges that some background on wage and hour laws may be necessary to provide context for the opinions that Mr. Lyons and Ms. Tallerico offered to Lake County.  When preparing the testimony of Mr. Lyons and Ms. Tallerico, Defendants should be cognizant of *Specht* and its progeny.  Additionally, to minimize the risk of any juror confusion regarding the legal nature of this testimony, the Court will consider giving the jury a limiting instruction before Mr. Lyons or Ms. Tallerico takes the stand.  The Court encourages the parties to work together to submit a stipulated limiting instruction on this issue.

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendants' Motion to Exclude the Testimony of Plaintiffs' Expert Patricia Pacey (ECF No. 114) is GRANTED to the extent it seeks to exclude Dr. Pacey's testimony related to former plaintiff Edward Reinhardt but DENIED in all other respects; and

2. Plaintiffs' Motion to Strike Defendants' Proposed Witnesses Richard N. Lyons II and Catherine A. Tallerico (ECF No. 116) is DENIED.  Mr. Lyons and Ms. Tallerico will be allowed to testify as trial witnesses subject to the limitations set forth in this Order.

Dated this 18th day of July, 2012.

BY THE COURT:

William J. Martínez
United States District Judge