**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-02591-WJM-CBS

STEVE JAMES,
AARON D'MIZE,
ANTONIO LABATO,
CHARLES KING,
ARIN HART,
GEORGE WHITTINGTON,
AMY REYES, a/k/a Amy Arnett,
DELFINO ORTEGA, and
KEVIN MOORE,

    Plaintiffs,

v.

RODNEY FENSKE, in his official capacity as Lake County Sheriff,
DOLORES SEMSACK, in her official capacity as Lake County Commissioner,
MICHAEL BORDOGNA, in his official capacity as Lake County Commissioner, and
CARL SCHAEFER, in his official capacity as Lake County Commissioner,

    Defendants.

---

**ORDER GRANTING PLAINTIFFS' MOTION FOR LIQUIDATED DAMAGES AND DIRECTING CLERK TO ENTER JUDGMENT**

---

After a six day trial, the jury returned a verdict in favor of Plaintiffs on their claims brought under the Fair Labor Standards Act and the Due Process Clause of the Fourteenth Amendment. (ECF No. 157-9.) As part of the verdict, the jury found that Defendants' FLSA violation was willful. (*Id*. ¶ 2.)

Before the Court is Plaintiffs' Motion for Liquidated Damages ("Motion"). (ECF No. 159.) The FLSA provides that "any employer who violates [the minimum wage or overtime provisions] shall be liable to the employee or employees affected in the

amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). This additional compensation is "not a penalty exacted by the law, but rather compensation to the employee occasioned by the delay in receiving wages due caused by the employer's violation of the FLSA." *Jordan v. U.S. Postal Serv.*, 379 F.3d 1196, 1202 (10th Cir. 2004). "The purpose for the award of liquidated damages is the reality that the retention of a workman's pay may well result in damages too obscure and difficult of proof for estimate other than by liquidated damages." *Id.*

To avoid paying liquidated damages, an employer may typically "show[] to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the FLSA." *See* 29 U.S.C. § 260. However, when the jury has found that the employer acted willfully, "the Seventh Amendment right to a jury trial prohibits the district court from reaching a contrary conclusion." *Brinkman v. Colorado Dep't of Corr.*, 21 F.3d 370, 372-73 (10th Cir. 1994). In this case, the jury found that Defendants' violation of the FLSA was willful. (ECF No. 157-9 ¶ 2.) Thus, the Court cannot find that Defendants acted in good faith or had reasonable grounds for believing that their actions did not violate the FLSA. Plaintiffs are therefore entitled to liquidated damages on the jury's verdict. *See* 29 U.S.C. § 216(b).

Accordingly, Plaintiffs' Motion for Liquidated Damages (ECF No. 159) is GRANTED. The Clerk shall enter judgment in favor of each Plaintiff in the following

amount[1]:

|  |  |
|---|---|
| Steve James: | $ 10726.88 |
| Aaron D'Mize: | $ 9059.60 |
| Antonio Labato: | $ 12320.62 |
| Charles King: | $ 10665.88 |
| Arin Hart: | $ 9378.86 |
| George Whittington: | $ 2814.20 |
| Amy Reyes: | $ 1501.52 |
| Delfino Ortega: | $ 7540.28 |
| Kevin Moore: | $ 2069.88 |

In addition to the compensatory damages awarded above, Plaintiffs are entitled to post-judgment interest at the statutory rate.[2]  *See* 28 U.S.C. § 1961.  Any issues related to attorney's fees and costs will be dealt with post-judgment upon motion of the parties.

Dated this 26th day of September, 2012.

BY THE COURT:

William J. Martinez
United States District Judge

---

[1] The Court arrived at the amount of each Plaintiff's recovery by doubling the amount the jury awarded to each Plaintiff on the FLSA claim and adding to that the amount awarded by the jury on the Due Process claim (for those Plaintiffs who were awarded Due Process damages).  For example, Steve James was awarded $ 5362.44 on the FLSA claim and $2.00 on the Due Process claim.  Therefore, his ultimate award is $ 10726.88.

[2] Because the Court has awarded Plaintiffs liquidated damages, Plaintiffs are not entitled to prejudgment interest.  *Doty v. Elias*, 733 F.2d 720, 726 (10th Cir. 1984).