IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 10-cv-02591-WJM-CBS

STEVE JAMES,
AARON D'MIZE,
ANTONIO LABATO,
CHARLES KING,
ARIN HART,
GEORGE WHITTINGTON,
AMY REYES, a/k/a Amy Arnett,
DELFINO ORTEGA, and
KEVIN MOORE,

    Plaintiffs,

v.

RODNEY FENSKE, in his official capacity as Lake County Sheriff,
DOLORES SEMSACK, in her official capacity as Lake County Commissioner,
MICHAEL BORDOGNA, in his official capacity as Lake County Commissioner, and
CARL SCHAEFER, in his official capacity as Lake County Commissioner,

    Defendants.

## ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

After a six day trial, the jury returned a verdict in favor of Plaintiffs on their claims brought under the Fair Labor Standards Act and the Due Process Clause of the Fourteenth Amendment. (ECF No. 157-9.) The Court awarded Plaintiff liquidated damages and judgment was entered in favor of Plaintiffs. (ECF No. 163.)

Before the Court is Plaintiffs' Motion for Attorney Fees and Costs ("Motion"). (ECF No. 164.) For the reasons set forth below, the Motion is granted in part as to Plaintiffs' request for attorneys' fees and denied without prejudice as to Plaintiffs' request for costs.

## I. ATTORNEYS' FEES

In order to obtain attorney's fees, "a claimant must prove two elements: (1) that the claimant was the 'prevailing party' in the proceeding; and (2) that the claimant's fee request is 'reasonable.'" *Flitton v. Primary Residential Mortg., Inc.*, 614 F.3d 1173, 1176 (10th Cir. 2010).[1]

1.  Prevailing Party

With respect to the first prong, Defendants contend that the Court should reduce the Plaintiffs' fee award because the Court granted summary judgment in favor of Defendants on a number of Plaintiffs' claims. (ECF No. 165 at 2-3.) Plaintiffs argue that, because all of their claims related to a common core of facts, the Court should not reduce the fee award. (ECF No. 167 at 3.)

The Court agrees with Plaintiffs. While Plaintiffs did not prevail on all of their claims, or against all of the originally named Defendants, all of their claims were interrelated and, at trial, Plaintiffs prevailed on the key issues at the heart of this case. Thus, the Court will not reduce the fee award due to the lack of success on any particular claim or against any particular Defendant. *See Hensley v. Eckerhart*, 461 U.S. 424, 434-35 (1983) (where plaintiff's claims involve a "common core of facts" or are "based on related legal theories", a fee award should not be reduced due to lack of success on all claims).

---

[1] Flitton was a civil rights case but the Tenth Circuit has previously instructed district courts to use the same standard in FLSA cases. *See Lamon v. City of Shawnee, Kan.*, 972 F.2d 1145, 1159 (10th Cir. 1992).

### 2. Reasonableness of the Fee

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. This is commonly referred to as the "lodestar method" for calculating fees. *Id.*

Defendants argue that a number of entries on Plaintiffs' counsels' time sheets are not related to this case and, therefore, these hours were not reasonably expended on this litigation. (ECF No. 165 at 8-9.) Defendants also contend that Plaintiffs' should not recover for the time spent drafting the Second Amended Complaint and the Stipulated Motion to Dismiss Edward Reinhardt because the Court struck the Second Amended Complaint and ordered that the parties were to bear their own fees and costs associated with the Motion to Dismiss. (*Id*. at 11.) The Court agrees with Defendants on these points and will not compensate Plaintiffs for the time spent by their attorneys on these issues. Having reviewed the time sheets, the Court finds that 7 attorney work hours and 1.5 paralegal hours are not compensable in this action for the reasons cited by Defendants. The amounts billed for these hours will not be included in the Court's attorneys' fees award.

Defendants next argue that the hourly rates charged by Plaintiffs' counsel are excessive. (ECF No. 165 at 7-8.) Plaintiffs have billed their time at the following hourly rates: (1) Reid Elkus - $350.00; (2) Donald Sisson - $330.00; (3) Associates - $280.00; and (4) Paralegals - $130.00 and $120.00. (ECF No. 167-3.) The parties have submitted competing expert affidavits regarding the reasonableness of these rates. (ECF Nos. 164-1 & 167-1.) The Court has reviewed this information and finds that the

hourly rates charged by Plaintiffs' counsel are somewhat high given each attorney's experience level and the customary rates in the Denver legal market for employment lawyers.  Thus, the Court will award fees at the following rates: (1) Reid Elkus - $300.00; (2) Donald Sisson - $275.00; (3) Associates - $230.00; and (4) Paralegals - $125.00.

Defendants also argue that Plaintiffs' counsel spent an excess amount of time on various tasks during this litigation.  (ECF No. 165 at 3-4, 8-10.)  In their Reply Brief, Plaintiffs implicitly acknowledge a degree of excess time in that they agree to reduce their request for fees by ten percent (and their own expert supported this concession).  (ECF No. 167 at 6.)  Having presided over this action, including the pre-trial motion practice and the seven-day jury trial, the Court is intimately familiar with the case.  The Court notes that this was a multi-Plaintiff collective action which, by its nature, requires more time and effort from counsel than a typical single plaintiff case.  However, aside from the additional logistics and complications that necessarily result from the multi-plaintiff nature of this action, the actual wage and hour issues involved here were not complex.  Thus, the Court finds that number of hours expended by counsel on this case were slightly above what is reasonable.  Accordingly, the Court will apply a 5% reduction to the total hours worked by Plaintiffs' counsel.

In sum, Plaintiffs request attorneys' fees in the amount of $260,306.65 (after their 10% voluntary reduction).  After reducing the hours requested by 5% and reducing the hourly rates as set forth above, the Court awards Plaintiffs attorneys' fees in the amount of $234,147.20.

## II. COSTS

Plaintiffs also request reimbursement for their costs. (ECF No. 164 at 8-15.) The only aspect of costs that will be addressed in this Order is the cost associated with Plaintiffs' expert witness. All other issues related to costs will be decided by the Clerk upon filing of a separate request for costs that complies with applicable Local Rules.

At trial, Plaintiffs prevailed on claims under the Fair Labor Standards Act ("FLSA") and 42 U.S.C. § 1983. Each of these statutory schemes contains a fee shifting provision. *See* 29 U.S.C. § 216(b) (in an FLSA case, the court shall "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); 42 U.S.C. § 1988 (allowing for recovery of "a reasonable attorney's fee as part of the costs"). However, neither the FLSA's fee-shifting provision nor § 1988 allow a prevailing party to recover its expert witness fees. *See West Virginia Univ. Hosp., Inc. v. Casey*[2], 499 U.S. 83, 102 (1991) ("§ 1988 conveys no authority to shift expert fees."); *Gray v. Phillips Petroleum*, 971 F.2d 591, 594 (10th Cir. 1992) (holding that § 216(b) "does not provide explicitly authority to award expert witness fees" to the prevailing party).

"[A]bsent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). Plaintiffs have failed to cite any explicit statutory authority for

---

[2] Since *Casey*, Congress has amended § 1988 to permit courts to award expert witness fees to the prevailing party, but only for cases arising under 42 U.S.C. § 1981 and 1981(a). *See* 42 U.S.C. § 1988(c).

awarding them Dr. Pacey's expert witness fees.  Accordingly, the Court denies Plaintiffs' request for reimbursement of the full amount paid to Dr. Pacey.  Nothing in this ruling, however, prohibits Plaintiffs from recovering whatever amount is permitted under Federal Rule of Civil Procedure 54(d) and/or 28 U.S.C. §§ 1920 and 1821.

With respect to the remaining categories of costs, the Court finds that, as the prevailing party, Plaintiffs are entitled to recover costs.  However, the Court leaves the task of awarding the amount of costs to the Clerk in accordance with Local Rule 54.1.  Thus, Plaintiff's request for costs is denied without prejudice to Plaintiffs filing a separate request for costs that complies with Local Rule 54.1.

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiffs' Motion for Attorneys Fees and Costs (ECF No. 164) is GRANTED as to attorneys' fees and DENIED WITHOUT PREJUDICE as to costs;
2. Plaintiffs are AWARDED attorneys' fees in the amount of $234,147.20;
3. Costs shall be assessed against the Defendant in an amount to be determined by the Clerk of Court upon the filing of a motion that complies with Local Rule 54.1.

Dated this 22ndday of February, 2013.

BY THE COURT:

William J. Martinez
United States District Judge